IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEVIN D. MOORE,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-2281-D |
| ) | ECF |
| **204TH DISTRICT COURT, ET AL.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is an inmate confined in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). He brings this suit pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*.

Defendants are the Dallas 204th District Court, the Dallas County Clerk of Court and the State of Texas. No process has issued in this case.

**II. Background**

Plaintiff argues Defendants violated his civil rights. He states he filed a state habeas petition but the 204th District Court failed to follow state procedures by timely entering an order

**Findings and Conclusions of the
United States Magistrate Judge**          Page -1-

designating issues and timely forwarding the petition to the Court of Criminal Appeals. He states he filed the petition in the trial court on August 14, 2007. In June, 2008, the Court of Criminal Appeals informed Plaintiff that they received his habeas petition. On September 10, 2008, after an inquiry by Plaintiff, the Court of Criminal Appeals informed Plaintiff that it dismissed the habeas petition on June 18, 2008, for noncompliance with the habeas rules.

Plaintiff states he sent numerous letters to the trial court, the Court of Criminal Appeals and the State Counsel for Offenders Office seeking an explanation as to why the habeas petition was noncompliant. He states the Court of Criminal Appeals and the State Counsel for Offenders Office told him to direct his questions to the trial court. Plaintiff states he has sent numerous letters to the trial court and has received no response. He states Defendants have violated his civil rights by not complying with the state habeas rules to timely process his habeas petition and timely inform him of any noncompliance. He seeks money damages, and an order that Defendants be required to comply with the state habeas rules and inform him of the reason for noncompliance of his petition.

### III.  Discussion

**1.    Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**2.      Claims**

Plaintiff claims Defendants violated the state procedures for processing habeas corpus petitions. Under § 1983, however, a plaintiff must establish a violation of the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent that Plaintiff complains that Defendants violated state laws, these claims should be dismissed.

Plaintiff also claims Defendants violated his Fourteenth Amendment due process rights. Plaintiff, however, has failed to show that his ability to file a proper state habeas petition has been prejudiced. The State of Texas does not have a statute of limitations for filing a state 11.07 habeas petition. Further, in response to a mandamus petition that Plaintiff filed in the Court of Criminal Appeals, the Court of Criminal Appeals informed Plaintiff that his state habeas petition was noncompliant because he used the incorrect form. Plaintiff has shown no impediment to refiling his 11.07 petition on the correct form.

Finally, to the extent that Plaintiff asks the Court to order Defendants to follow the state habeas rules, this request is in the nature of a mandamus. Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. *See Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of

mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties). Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's action pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous.

Signed this 9th day of June, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**           Page -5-