IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN D. MOORE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:08-CV-2281-D |
| VS. § | |
| § | |
| 204th DISTRICT COURT, et al., § | |
| § | |
| Defendants. § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, and the June 9, 2009 findings, conclusions, and recommendation of the magistrate judge, and plaintiff Kevin Moore's ("Moore's") July 2, 2009 objections thereto, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In addition to his objections, Moore has also filed a motion to compel and a motion for appointment of counsel. Moore maintains in his motion to compel that the United States Marshals Service confiscated his legal materials when he was moved to a different prison facility. He seeks an order compelling the Marshals Service to return his legal materials.

On July 28, 2009 the court sent Moore a questionnaire seeking more information regarding his motion to compel. The questionnaire directed Moore to specify the legal materials that the Marshals Service confiscated and state why he needed these materials to pursue his claims in this case. On September 23, 2009 Moore answered the questionnaire, stating that the Marshals Service confiscated his legal research, correspondence, exhibits, and other materials. He asserts that he

needs these materials to make specific objections to the magistrate judge's findings, conclusions, and recommendation.

The court has considered together the magistrate judge's June 9, 2009 findings, conclusions, and recommendation, Moore's July 2, 2009 objections, and his September 23, 2009 answer to the questionnaire. It finds that even if Moore's legal materials were returned to him, he could not demonstrate that the findings, conclusions, and recommendation of the magistrate judge are incorrect and that his lawsuit should not be dismissed. Accordingly, the court denies Moore's motion to compel as moot.

The court also denies Moore's August 10, 2009 motion to appoint counsel. Moore does not have an automatic right to the appointment of counsel. *See United States v. $16,540 in U.S. Currency*, 273 F.3d 1094, 1094 (5th Cir. 2001). The decision whether to appoint counsel rests within the sound discretion of this court. In this case, the court has determined that the complaint is frivolous. Appointed counsel could not demonstrate that Moore is entitled to the relief he seeks.

**SO ORDERED.**

September 29, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE